UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

BARBARA J. UEBELACKER

          Plaintiff,

-vs-                                            Case No.:  3:21-cv-177

ROCK ENERGY COOPERATIVE,
SHANE LARSON, in his individual capacity,

          Defendants.

---

COMPLAINT

---

      This is a civil action alleging deprivation of Plaintiff Barbara Uebelacker's rights under the Age Discrimination in Employment Act of 1967 §4, 29 U.S.C.A. §623(a)(1); the Stored Communications Act, 18 U.S.C. 2701 *et seq*.; Wisconsin's Right of Privacy Statute, Wis. Stat. §995.50; and as intentional infliction of emotional distress. Specifically, Ms. Uebelacker alleges that Defendant Rock Energy Cooperative and individual Defendant Shane Larson, engaged in (1) harassment, adverse employment actions and unlawful termination of her employment because of, and based on, her age; (2) knowing, purposeful and intentional access to Ms. Uebelacker's stored electronic communications without authorization; (3) intrusion into her privacy and public disclosure of private facts about her; and (4) extreme and outrageous conduct intended to cause and causing Ms. Uebelacker extreme emotional distress.

                    I.      PARTIES

      1.      Plaintiff Barbara Uebelacker is an adult resident of the State of Wisconsin currently residing at 1710 E. Ridge Road, Beloit, Wisconsin 53511.

2.     Defendant Rock Energy Cooperative is an electric cooperative serving south-central Wisconsin and northern Illinois and whose headquarters is located at 2815 Kennedy Road, P.O. Box 1758, Janesville, Wisconsin 53547.

3.     Defendant Shane Larson is the Chief Executive Officer of Rock Energy Cooperative and whose business address is 2815 Kennedy Road, P.O. Box 1758, Janesville, Wisconsin 53547.  He served as the Chief Executive Officer throughout Ms. Uebelacker's employment with Rock Energy Cooperative.  All actions taken by Mr. Larson were taken in his individual capacity and as agent for Rock Energy Cooperative.

II.     JURISDICTION AND VENUE

4.     This court has subject matter jurisdiction over Plaintiff's federal claims under 28 U.S.C. §1331 and supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. §1367(a).  Venue in this district is appropriate under 28 U.S.C. §1391 because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

III.     FACTS

5.     Ms. Uebelacker began working for Defendant Rock Energy Cooperative as its full-time Communications Specialist on April 20, 2009.  In October 2018, Rock Energy promoted Ms. Uebelacker to the position of Communications Director.  In May 2020, Rock Energy demoted Ms. Uebelacker to the Communications Specialist position and on June 30, 2020, Rock Energy terminated Ms. Uebelacker's employment.  She is 64 years old.

6.     Ms. Uebelacker worked full-time for Rock Energy Cooperative during her 11-year tenure.  With one exception that is the subject of this complaint, Ms. Uebelacker had an outstanding work record.  She did not experience any discipline and uniformly received excellent feedback on her job performance.

7. Rock Energy Cooperative is a Wisconsin energy cooperative that distributes electricity to customers in Rock County, Wisconsin and electricity and natural gas to customers in northern Illinois. It is headquartered at 2815 Kennedy Road, Janesville, Wisconsin, 53547 and has an office at 15229 Willowbrook Road, South Beloit, Illinois 61080. It is governed by a nine-member Board of Directors, each representing a Rock Energy service district.

8. Rock Energy employs approximately 50 people, including Chief Executive Officer Shane Larson, Manager of Administrative Services Sharon Janes, and ten director-level employees including, until June 30, 2020, Ms. Uebelacker.

9. On January 14, 2019, shortly after Ms. Uebelacker's promotion to Communications Director, Defendant Larson called her into his office where Ms. Janes was also present. Defendant Larson informed Ms. Uebelacker that the Cooperative's staff person, Bud Booth, logged into the work computer of former Rock Energy employee Angie Schuman. He logged onto Ms. Schuman's personal Facebook Messenger account and then accessed Ms. Uebelacker's personal Facebook Messenger account where he "found" a private Facebook Messenger conversation between Ms. Schuman and Ms. Uebelacker.

10. The intrusion by IT staff person Mr. Booth occurred three weeks after Ms. Schuman was fired by Rock Energy. She was already collecting unemployment compensation at the time; therefore, Rock Energy had no objective reason to conduct the surveillance.

11. The private conversation Rock Energy surveilled between Ms. Uebelacker and Ms. Schuman occurred on Sunday, December 16, 2018. They were communicating from their homes, through their private Facebook Messenger accounts, using their private computers. In the conversation, both Ms. Uebelacker and Ms. Schuman were critical of Mr. Larson's employment practices.

12. Neither Ms. Uebelacker nor Ms. Schuman authorized Defendants to access their private Facebook Messenger accounts.

13. During the January 14, 2019, meeting with Mr. Larson and Ms. Janes, Ms. Uebelacker objected to Rock Energy's unauthorized intrusion to her private Facebook Messenger account. When she explained to Mr. Larson that it was a private conversation, he instantly fired her. He instructed her to go home and come back the following day to find out if she could continue her employment.

14. On January 15, 2019, Mr. Larson met with Ms. Uebelacker again. Under a continuing threat of termination, he required her to accept Rock Energy's surveillance of her private Facebook account or lose her job. When, under duress, she agreed, Mr. Larson demoted her because, among other reasons, of the private Messenger conversation.

15. The demotion included a pay reduction, change from salary to hourly status and a loss in the value of her employee benefits and pension. In addition, Mr. Larson instructed Ms. Uebelacker to report to Manager of Administrative Services Sharon Janes where previously she reported to Mr. Larson.

16. Mr. Larson's noted from the January 15, 2019, meeting were filed in Ms. Uebelacker's personnel file. The notes said:

> *I asked Barb if she had anything to say regarding the Facebook post found on the co-op's computer in Angie's office and our meeting yesterday. She said she did. She again apologized for saying what she did in a private conversation.*

17. In May 2020, Rock Energy posted a new position of Communications Manager on Linked In without any notice to Ms. Uebelacker. Also, in May 2020, Ms. Janes instructed Ms. Uebelacker to downgrade her job title to Communications Specialist. Ms. Uebelacker inquired about the reason for these actions. She also asked if she could apply for the Communications Manager position. Ms. Janes did not respond to the

question about downgrading her job title.  Ms. Janes did tell Ms. Uebelacker that final interviews for the Communications Manager position had already been completed; therefore, she could not apply.

18. In a June 29, 2020, email message to Sharon Janes, Ms. Uebelacker described her concerns about the adverse employment actions Rock Energy was continuing to take toward her.  She stated that, considering her otherwise excellent 11-year work record with Rock Energy, the co-op appeared to me retaliating against her based on the unauthorized surveillance of her private internet account.  She asked for an explanation in writing of the co-ops decision to post the Communications Manager position without consulting her.

19. On June 30, 2020, Rock Energy terminated Ms. Uebelacker's employment immediately.  The termination reason given was disloyalty to management.

20. Neither Ms. Janes nor anyone else responded to Ms. Uebelacker's email retaliation complaint. To Ms. Uebelacker's knowledge, her complaint was not investigated.

21. On or about June 30, 2021, a Rock Energy Cooperative employee told a co-worker that Ms. Uebelacker was "so old" that her discharge did not matter because she was "close to retirement."

22. Ms. Uebelacker has lost in excess of $400,000 in combined wages and benefits due to Defendants' actions.

## IV   PROCEDURAL REQUIREMENTS

23. Plaintiff has complied with all procedural requirements for this lawsuit. She filed a timely complaint of age discrimination in violation of the Age Discrimination in Employment Act with the U.S. Equal Employment Opportunity Commission.  This action is boing filed within 90 days of Plaintiff's receipt of the U.S. Equal Employment

Opportunity Commission's Dismissal and Notice of Rights issued December 8, 2020, and received by the Plaintiff, through her attorney, on December 14, 2020.

## V.   FIRST CAUSE OF ACTION

24. For a first cause of action against Defendant Rock Energy Cooperative, Plaintiff realleges and incorporates all of the preceding paragraphs as though set forth fully herein.

25. By engaging in the conduct described above, including, without limitation, intentionally accessing, without authorization, Plaintiff's private Facebook Messenger account and intentionally exceeding any authorization Defendants may have had to access Ms. Uebelacker's Facebook account to obtain her Messenger communications while they were held in electronic storage.

26. As a direct result of Defendant's unlawful conduct, Plaintiff has suffered and will continue to suffer damages including the loss of her employment opportunities, loss of income and benefits, emotional distress, psychological injuries and other pecuniary and non-pecuniary losses.

## VI.   SECOND CAUSE OF ACTION

27. For a second cause of action against Defendants under the Age Discrimination in Employment Act, Plaintiff realleges each of the preceding paragraphs as though set forth herein.

28. In engaging in the conduct described in the preceding paragraphs, including but not limited to disciplining, harassing, demoting and terminating Plaintiff's employment, Defendants discriminated against her because of and based on her age.

29. The Defendants' conduct described above caused Plaintiff substantial damages, including but not limited to front and back wage and benefit loss, loss of earning capacity, severe emotional distress, loss of reputation, humiliation and embarrassment. The Plaintiff continues to suffer these damages now and will into the future.

VII.   THIRD CAUSE OF ACTION

30.   For a third cause of action under Wisconsin's Right of Privacy statute, Wis. Stat. §995.50, Plaintiff realleges each of the preceding paragraphs as though set forth herein.

31.   In engaging in the conduct described in the preceding paragraphs, including but not limited to, unauthorized surveillance of the Plaintiff's private Facebook Messenger account on her private computer on a Sunday to troll for criticism, Defendants violated Plaintiff's right of privacy.

32.   As a direct result of Defendants' unlawful conduct, Plaintiff has suffered and will continue to suffer damages including compensatory damages relating to Plaintiff's loss of her livelihood and the costs, including attorney's fees, of bringing this action.

VIII.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33.   For a fourth cause of action, Plaintiff realleges each of the preceding paragraphs as though set forth herein.

34.   In engaging in the extreme and outrageous conduct described in the preceding paragraphs, Defendants caused Plaintiff extreme emotional distress.

IX.   CAUSE OF ACTION – PUNITIVE DAMAGES

35.   The Defendants' conduct as described above was willful, malicious and intentional and/or undertaken in reckless disregard of the law and of Plaintiff's civil rights thereby entitling Plaintiff to an award of punitive damages against each of the Defendants.

## X. JURY DEMAND

36. WHEREFORE, the Plaintiff demands a trial by jury on all of her claims and relief as follows:

(A) Income and benefits, both past and future;

(B) Reinstatement;

(C) Compensatory damages for emotional distress and psychological injury and loss of reputation;

(D) Punitive damages;

(E) A finding of unlawful discrimination;

(F) An order directing Defendants to refrain from future discriminatory conduct;

(G) Reasonable attorney's fees and costs;

(H) Any other relief the Court may deem just and proper.

Dated at Madison, Wisconsin, this 15th day of March, 2021.

Respectfully submitted:

s/ Julie A. Lewis

_____

Julie A. Lewis # WI 1048367

LEWIS LAW OFFICE, LLC
10 E. Doty Street, Suite 800
Madison, WI 53703
t/ (608) 298-7324
e/ jlewis@jlewislawoffice.com