IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BARBARA UEBELACKER,

                Plaintiff,

v.

                                                          OPINION and ORDER

ROCK ENERGY COOPERATIVE                               21-cv-177-jdp
and SHANE LARSON as an agent and in
his individual capacity,

                Defendants.

---

Plaintiff Barbara Uebelacker was fired after her employer, defendant Rock Energy Cooperative, learned that she had made disparaging comments about her supervisors in Facebook messages to Angie Schuman, another Rock Energy employee. Rock Energy IT staff discovered the messages during a search of Schuman's work computer, where Schuman had logged into her personal Facebook account. Uebelacker has sued Rock Energy Cooperative and its CEO, Shane Larson, asserting claims for violations of federal and state privacy laws.

Defendants move for summary judgment, Dkt. 14, which the court will grant. Claims under the federal law, the Stored Communications Act (SCA), must be brought within two years of when the claimant had a reasonable opportunity to discover the violation. Larson showed Uebelacker a printout of her Facebook conversation with Schuman in January 2019, and Uebelacker believed at the time that Rock Energy had found the messages by logging into Schulman's Facebook account without authorization. But Uebelacker didn't file this lawsuit until April 2021, more than two years later. Because the court is dismissing Uebelacker's federal claim, the court will decline to exercise jurisdiction over her state-law claim and dismiss it without prejudice.

UNDISPUTED FACTS

The following facts are undisputed except where noted.

Barbara Uebelacker worked as the Communications Director for Rock Energy Cooperative. On a Friday afternoon in December 2018, Rock Energy fired one of Uebelacker's friends and co-workers, Angie Schuman. Over the weekend, Schuman and Uebelacker had a conversation over Facebook Messenger using their personal accounts and personal cell phones. As the two commiserated over Schuman's termination, Uebelacker wrote that many slimy people worked at Rock Energy and that she didn't trust defendant CEO Shane Larson or his administrative manager, Sharon Janes.

On Monday, Bob Booth, a Rock Energy IT employee, was asked to transfer any locally saved files on Schuman's work computer to Schuman's supervisor. Booth changed the computer's password so that he could log in using Schuman's user account. Because Schuman had not been given an opportunity to turn off her computer after she was fired, the programs she had been using were still open, including Google Chrome. Booth maximized the Google Chrome window where he saw Schuman's personal Facebook account with several open chat windows, including the chat with Uebelacker. Booth took screenshots of Uebelacker's conversation with Schuman, including Uebelacker's comments about Shane Larson and Sharon Janes. Booth sent the screenshots to Schuman's supervisor, who forwarded them to Larson.

On January 14, 2019, Larson called Uebelacker into a meeting and confronted her with the screenshots of her messages with Schuman. Larson told Uebelacker that Booth had found the messages when he logged in to Schuman's work computer. Uebelacker was demoted after the meeting. Larson fired Uebelacker a year and a half later, citing her lack of commitment to management.

ANALYSIS

The Stored Communications Act (SCA) allows a person to sue anyone who "intentionally accesses without authorization" or "intentionally exceeds an authorization to access" a "facility through which an electronic communication service is provided . . . and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system." 18 U.S.C. § 2701(a)(1)-(2); *see also* § 2707(a) (providing a private right of action). Uebelacker contends that Rock Energy violated the SCA by accessing Angie Schuman's Facebook Messenger conversation with Uebelacker. Defendants contend that Rock Energy was entitled to view the Facebook messages because they showed up on Schuman's work computer, and that Uebelacker filed her SCA claim beyond the statute of limitations.

The court will grant summary judgment on the grounds that Uebelacker's claim was untimely. Summary judgment based on a statute of limitations is proper if there are no genuine issues of material fact regarding the time at which plaintiff's claim accrued. *Massey v. United States*, 312 F.3d 272, 276 (7th Cir. 2002). Claims under the SCA must be brought not later than "two years after the date upon which the claimant first discovered or had a reasonable opportunity to discover the violation." 18 U.S.C. § 2707(f). Actual knowledge of the violation is not required; instead, the statute of limitations begins to run when a plaintiff is presented with facts that would lead a reasonable person to investigate the possibility that her rights had been violated. *See Davis v. Zirkelbach*, 149 F.3d 614, 618 (7th Cir. 1998) (discussing the statute of limitations under the Federal Wiretap Act, which mirrors the SCA's). Put another way, the claim accrues when the plaintiff "had reason to know that something was afoot." *Id*.

3

Here, the undisputed facts show that Uebelacker knew the facts of the purported SCA violation in January 2019, more than two years before she filed this lawsuit in March 2021. On January 14, 2019, Larson presented Uebelacker with a printout of Uebelacker's Facebook messages with Schuman and told her that they were found on Schuman's computer. Dkt. 22 (Uebelacker Dep. 35:21–25). Uebelacker was surprised to see the messages because she hadn't authorized Rock Energy to view the conversation, and she didn't think that Schuman had either. *Id.* at 34:15–35:1. So as of the January 14, 2019 meeting, Uebelacker knew that defendants had viewed her private electronic messages without her permission. At the least, this information gave Uebelacker a reasonable basis to investigate whether she had a potential legal claim.

Uebelacker contends that she did not have a reasonable opportunity to discover the violation until April 2021, after she filed an administrative complaint with the Wisconsin Department of Workforce Development. Schuman says that it was only after she received Rock Energy's answer to the complaint that she learned exactly how defendants had found her messages: that Rock Energy IT staff had logged on to Schuman's work computer using Schuman's user account and found a browser tab opened to her Facebook page. Uebelacker says she could not have discovered that information earlier because Rock Energy would have fired her if she had asked questions about the incident.

This argument fails, for two reasons. First, Uebelacker provides no authority that it is reasonable not to investigate a potential claim if the claimant fears that she will be fired for doing so. Uebelacker does not dispute that after the January 14, 2019 meeting she knew that defendants had viewed her Facebook messages without her authorization. Nor does Uebelacker

4

dispute that a reasonably diligent investigation would have uncovered any additional facts she would need to pursue her claim.

Second, Uebelacker did not need the information she learned from defendants' response to her administrative complaint to discover the purported violation. The core of Uebelacker's SCA claim is that defendants accessed Schuman's Facebook account without authorization, which Uebelacker realized as soon as she was presented with the Messenger screenshots at the January 2019 meeting. *See* Dkt. 22 (Uebelacker Dep. at 38:1–8). Uebelacker doesn't explain why defendants' use of Schuman's Rock Energy work account to log on to Schuman's work computer is relevant to her claim.

Uebelacker's own actions demonstrate that she didn't need those details to bring this lawsuit: she filed her initial complaint in this case *before* she received defendants' response to her administrative complaint. Uebelacker brought her SCA claim in this court on March 15, 2021, Dkt. 2, and she received defendants' response to her administrative complaint on April 2. Uebelacker filed an amended complaint on April 26, but the amended complaint does not contain any new allegations related to how IT staff discovered the messages on Schuman's computer. *Compare* Dkt. 2 (initial complaint) *with* Dkt. 10 (amended complaint). In both, Uebelacker alleges only that IT staff "logged onto Ms. Schuman's personal Facebook Messenger account and then accessed Ms. Uebelacker's personal Facebook messenger account." Dkt. 2, at ¶ 9; Dkt. 10, at ¶ 9. And Uebelacker made nearly identical allegations in her administrative complaint, which she filed on January 7, 2021—two months before she filed this lawsuit and within two years of the January 14, 2019 meeting. *See* Dkt. 35-1, at 8. ("Larson informed her that Rock Energy accessed her private account without her permission.")

5

Uebelacker filed this lawsuit more than two years after she had an opportunity to discover defendants' alleged SCA violation, so her SCA claim is barred by the statute of limitations. The SCA claim will be dismissed.

Uebelacker has voluntarily dismissed her age discrimination claim and her claim for intentional infliction of emotional distress. Dkt. 23, at 2, n.1. That leaves Uebelacker's state-law claim brought under Wisconsin's Privacy Statute, Wis. Stat. § 995.50. The court could exercise supplemental jurisdiction over this claim. But in the Seventh Circuit, the usual practice is to dismiss state-law claims when all federal claims have been dismissed prior to trial. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999).

The court cannot discern any reason to depart from the circuit's general rule in this case. The court has not considered the merits of the state-law claim, so exercising jurisdiction over it does not serve judicial efficiency. Neither party asks the court to retain jurisdiction over the state law claim if the federal claim is dismissed. And Uebelacker's claim presents a novel issue of state law—whether a social media account is a "private place" for the purposes of the statute—which would be another basis for the court to decline to exercise jurisdiction. *See* 28 U.S.C. § 1367(c)(1). Uebelacker's state-law claim will be dismissed without prejudice; she may pursue that in state court.

ORDER

IT IS ORDERED that:

1. Defendants' motion for summary judgment, Dkt. 14, is GRANTED with respect to Uebelacker's SCA claim. That claim is DISMISSED with prejudice.

2. Uebelacker's age discrimination and intentional infliction of emotional distress claims are DISMISSED with prejudice.

3. Uebelacker's state-law claim is DISMISSED without prejudice under 28 U.S.C. § 1367(c).

Entered April 14, 2022.

                                      BY THE COURT:

                                      /s/

                                      _____
                                      JAMES D. PETERSON
                                      District Judge