IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

BARBARA UEBELACKER,

                Plaintiff,

v.

                                            OPINION and ORDER

ROCK ENERGY COOPERATIVE                         21-cv-177-jdp
and SHANE LARSON as an agent and in
his individual capacity,

                Defendants.

---

The court decided this case on summary judgment and entered judgment for defendants. Plaintiff Barbara Uebelacker has appealed, and now she asks the court to stay certain aspects of the court's judgment. The court will stay the payment of costs, but otherwise deny the motion.

BACKGROUND

Uebelacker brought claims under the federal Stored Communications Act and Wisconsin's privacy law against her former employer. The court granted summary judgment to defendants on Uebelacker's federal claim. Dkt. 37. Because all federal claims had been resolved, the court declined to exercise jurisdiction over Uebelacker's state-law claim, and that claim was dismissed without prejudice. *Id* at 6.

Defendants filed a bill of costs for $2,093.50, exclusively for transcript fees. Dkt. 39. Defendants failed to provide documentation of the transcript expenses. But Uebelacker did not object to the costs by the May 9, 2022 deadline and she does not object now. So the court will direct the clerk of court to tax costs in the amount requested. Uebelacker appealed the court's

final judgment in this case, Dkt. 41, and now she asks to stay (1) "dismissal of [her] state-law claim" and (2) the imposition of costs. Dkt. 43.

ANALYSIS

A. Dismissal of Uebelacker's state-law claim

Uebelacker asks the court to stay enforcement of the judgment dismissing her state-law claim without prejudice so that she can "avoid litigating this action in three fora." The court takes Uebelacker to mean that she does not want to litigate in state court while the federal appeal is pending.

Uebelacker hasn't shown that she is entitled to a stay here. Stays of judgments granting non-monetary relief are assessed under the general standard for issuing a stay pending appeal. *See Donovan v. Fall River Foundry Co.,* 696 F.2d 524, 526 (7th Cir. 1982*); Deutsche Bank Nat'l Tr. Co. v. Cornish*, 759 F. App'x 503, 510 (7th Cir. 2019) (St. Eve, J., dissenting); 11 Wright & Miller, Federal Practice and Procedure § 2905 (3d ed.). Factors to consider in deciding whether to grant a stay are the likelihood of success on the merits, the risk of irreparable harm, the potential injury, and the public interest. *Nken v. Holder*, 556 U.S. 418, 434 (2009). Uebelacker hasn't made much of a showing on any of these factors, but the court will focus on the risk of irreparable harm.

The only harm Uebelacker identifies is the inconvenience of litigating the claim in state court while her federal appeal is pending. That harm would have been avoidable, because there would be no statute of limitations problem in waiting to press the claim in state court. The statute of limitations on a state-law claim is tolled while it is pending in federal court. *See* 28 U.S.C. § 1367(d). And state courts have uniformly concluded that claims remain "pending"

throughout the plaintiff's federal appeal for the purposes of tolling state statutes of limitation. *See DeForte v. Borough of Worthington*, No. 2:13-cv-356-mrh, 2020 WL 2487133, at *5 (W.D. Pa. May 14, 2020) (collecting cases); *Varnell v. Dora Consol. Sch. Dist.*, 756 F.3d 1208, 1217 (10th Cir. 2014) (same). Although no Wisconsin court has addressed that issue, Uebelacker provides no reason to think that Wisconsin courts would reach a different result.

But Uebelacker has already filed her claim in state court, *see* Dkt. 46, at 3, so now another court has an interest in the prompt resolution of that claim. If Uebelacker wants to wait until the conclusion of her federal appeal to litigate her Wisconsin-law claim in state court, she should seek a stay of her state-court proceedings.

**B. Motion to stay costs**

The court will order that costs be taxed in the amount requested so that part of the process will be resolved. Uebelacker requests a stay of the payment of costs pending resolution of her appeal, and she asks the court to fix an amount of a supersedeas bond.

Under Federal Rule of Civil Procedure 62(b), a party may obtain a stay of a monetary judgment pending appeal by posting a bond or other security. But Rule 62 does not apply to the award of costs assessed separately from judgment. *See Gallo v. Mayo Clinic Health Sys.-Franciscan Med. Ctr., Inc.,* No. 15-CV-304-JDP, 2017 WL 1380620, at *1 (W.D. Wis. Apr. 17, 2017). The Federal Rules of Civil Procedure are silent on whether the losing party must post a bond to stay the imposition of costs, but the court has inherent authority to require a party to post a bond for costs on case-by-case basis. *See Anderson v. Steers, Sullivan, McNamar & Rogers*, 998 F.2d 495, 496 (7th Cir. 1993). Before ordering a party to post a bond, the court should assess whether "there is reason to believe that the prevailing party will find it difficult to collect its costs." *Id.*

Uebelacker says that she is willing to post a bond, but the court does not see a need to impose a bond requirement given the amount of money involved. Defendants did not respond to Uebelacker's motion, and nothing suggests that defendants will have difficulty collecting $2,093.50. The court will stay enforcement of the award of costs pending appeal and it will not require the posting of any bond.

## ORDER

IT IS ORDERED that:

1. The clerk of court shall tax costs in the amount of $2,093.50.

2. Payment of costs shall be stayed until resolution of the appeal.

3. Plaintiff's motion to stay, Dkt. 43, is otherwise DENIED.

Entered June 6, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge